# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JODY ROE | CIVIL ACTION |
| VERSUS | NO. 07-1828 |
| LOYOLA UNIVERSITY NEW ORLEANS | SECTION "T"(3) |

Before the Court is a Motion for Summary Judgment on behalf of Loyola University New Orleans ("Loyola") (Rec. Doc. No. 13). This matter was submitted for the Court's consideration with oral argument on November 15, 2007. The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule. For the following reasons, the Motion for Summary Judgment is GRANTED.

## ORDER AND REASONS

### I. BACKGROUND

At the time that Hurricane Katrina hit New Orleans on August 29, 2005, plaintiff, Brian Branch, was entering his final year as a law student at Loyola. Because the school was unable to operate during the Fall 2005 semester, Loyola set up temporary offices in Alexandria, Louisiana and Houston, Texas, along with several ways to facilitate communication with students, faculty and staff.

On September 1, 2005, during a conference call, Dean Bromberger, from Loyola's College of Law, Dean Ponoroff, of Tulane Law School and representatives from the American Bar Association and the American Association of Law Schools developed a policy whereby Loyola and Tulane students would be able to attend classes, without payment of tuition, at other ABA-accredited law schools and receive full credit for those courses towards their Loyola and Tulane degrees, provided the students paid their tuition for the Fall 2005 semester to their home universities. Under the law school bulletin, permission for Loyola law students to assume visitor status at another law school is left up to Loyola and requires written permission from the Dean. This policy was made clear to all students through verbal communication, temporary web sites and e-blogs.

Plaintiff relocated to Dallas and was able to attend classes at SMU law school as a visiting student displaced by Hurricane Katrina. He testified that he understood that his ability to attend classes without charge at another school was conditioned upon his payment of tuition and fees to Loyola. This requirement was reiterated at the Registrar's office at SMU when Branch executed a document for SMU that specifically acknowledged his understanding that he was required to have paid tuition and fees to his home law school in order to enroll as a "Special Emergency Visitor."

Plaintiff took thirteen credit hours at SMU and received full credit for those courses towards his Loyola degree. Branch then returned to New Orleans for the Spring 2006 semester and graduated from Loyola, without delay due to the storm. He took, and passed, the bar exam and is now a practicing attorney in Metairie.

Branch filed a class-action suit against Loyola, first on the purported behalf of all law students, then on the purported behalf of all Loyola graduate and undergraduate students, asserting that because Loyola was unable to offer classes in the City of New Orleans for the Fall 2005 semester, he, and all other students, should have their tuition refunded to them. He asserted claims of breach of contract, unjust enrichment, negligence, misrepresentation, and conversion.[1]

## II. LAW AND ANALYSIS

### A. BREACH OF CONTRACT

In an action for breach of contract, as all civil matters, the burden of proof is upon the plaintiff to establish by a preponderance the elements essential to recovery. Adams v. Commercial Nat. Bank in Shreveport, 661 So.2d 636 (La. App. 2d. Cir. 1995) (citing Bond v. Allemand, 632 So.2d 326 (La. App. 1st Cir. 1993), writ denied, 94-0718 (La. 03/29/94), 637 So.2d 468. And the party seeking to recover must not only prove the existence of the contract, but must also prove its breach. See La. Code Civ. art. 1831; Stanton v. Tulane Univ. Of La., 777 So.2d 1242, 1249 (La. App. 4th Cir. 2001).

The plaintiff argues that he paid Loyola for education and services during the Fall 2005 semester and Loyola did not provide such to him and, because of this, he was damaged. He contends that while he was aware of the fact that he had to be on good financial standing with Loyola at the time he enrolled as a special visiting student at SMU, he did not have a subsequent agreement or contract with Loyola which waived the reimbursement of his fall 2005 tuition

---

[1] During the Oral Argument on November 15, 2007, plaintiff's counsel represented to the Court that it withdrew the claims for negligence, misrepresentation and conversion. Accordingly, the Court will only address the claims for breach of contract and unjust enrichment.

3

payment. In addition, he argues that he believed he was required to be in good financial standing with Loyola was only so SMU could verify he was actually enrolled at Loyola at that time.

The Court finds plaintiff's arguments unpersuasive. When plaintiff applied to law school, he certified as follows: "I agree that should I be accepted for admission, I shall abide by the regulations of the University and the School of Law." Among those regulations contained in the Law School Bulletin were provisions governing visiting status at other universities. Under these provisions, the ability of a Loyola law student to attend classes at another law school is a discretionary decision to be made by Loyola and requires written permission prior to enrolling at another school. It was because of the special policy adopted by Loyola that plaintiff was able to attend classes at SMU, receive those credits towards his Loyola degree, and graduate without any delay.

Plaintiff has pointed to no provision of the student bulletin or Handbook that would entitle him to a free semester of law school. Rather, by attending classes during the Fall 2005 semester at SMU, plaintiff received the benefit of the emergency policy made possible by Loyola. As such, plaintiff's breach of contract claim fails.

    **B.**    **UNJUST ENRICHMENT**

The five requirements for a showing of unjust enrichment are (1) there must be an enrichment of the defendant; (2) there must be an impoverishment of the plaintiff; (3) there must be a connection between the enrichment and resulting impoverishment; (4) there must be an absence of "justification" or "cause" for the enrichment or impoverishment; and (5) no other remedy available at law. Baker v. Maclay Properties Co., 648 So.2d 888, 897 (La. 1995) (citing

Minyard v. Curtis Products, Inc., 251 La. 624, 652, 205 So.2d 422, 432 (1967); Edmonston v. A-Second Mortgage Co. Of Slidell, Inc., 289 So.2d 116 (La. 1974)).

The defendant argues, and this Court agrees, that the plaintiff cannot recover for unjust enrichment. Plaintiff's testimony establishes that he is not able to show that all the elements to an unjust enrichment claim have been met. Because he admits that he received full credit for the courses he took at SMU toward his degree at Loyola and, by receiving this credit, he was able to graduate and sit for the bar, on time, something to which he ascribes value, he fails to show he was impoverished by having to pay for tuition.

Moreover, the undisputed facts establish that there is "no absence of justification or cause" for Loyola's retention of the tuition for the fall 2005 semester. But for the actions of Loyola in allowing its students to attend other schools and receive credit for Loyola for the courses they took, Loyola students would have fallen behind and been delayed in receiving their degrees from Loyola. Plaintiff understood that if he hadn't paid tuition to Loyola, he would have been required to pay SMU's tuition, which was more expensive than that of Loyola. In addition, the Court notes that if Loyola were required to reimburse plaintiff for the Fall 2005 tuition payments he made, plaintiff would be unjustly enriched as a result. Therefore, plaintiff's claim for unjust enrichment fails.

**C.     CONSIDERATION OF SUMMARY JUDGMENT PRIOR TO CLASS CERTIFICATION**

The fact that Plaintiff has asserted a class action does not prevent this Court from considering this motion for summary judgment. See Canova v. Shell Pipeline Co., 290 F.3d 753

at fn. 1 (5th Cir. 2002). There is no need to reach the question of class certification if the named plaintiff does not establish a genuine issue of material fact to support his claim. <u>Krim v. BancTexas group, Inc</u>., 989 F.2d 1435 (5th Cir. 1993).

The Court has chosen to exercise its discretion to consider Loyola's Motion for Summary Judgment prior to addressing class certification. For the reasons stated above, the Court has found that plaintiff's testimony fails to support the allegations in his complaint and therefore, summary judgment is appropriate and plaintiff's suit shall be dismissed, with prejudice.

Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment on behalf of the defendant is hereby **GRANTED.**

New Orleans, Louisiana, this 26th day of November, 2007.

_____
**G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT JUDGE**